IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NNAMDI TRAVIS MBACHU,

Plaintiff,

v.

COUNTY OF SAN MATEO, et al.,

Defendants.

Case No.  25-cv-10984-CRB

**ORDER GRANTING MOTION TO STAY CASE**

Plaintiff, proceeding pro se, filed an action pursuant to 42 U.S.C. § 1983 stemming from an arrest and prosecution carried out by law enforcement in San Mateo County. Compl. (dkt. 1-1) ¶ 1.  He brings seven claims against the County of San Mateo and certain police officers, including claims for false imprisonment and malicious prosecution. Id. ¶¶ 4–11.  Defendants moved to stay the case and, in the alternative, to dismiss.  Mot. (dkt. 10).  The Court **GRANTS** Defendants' motion to stay.[1]

Defendants move to stay based on the pendency of a criminal action that arises from the same event as Plaintiff's civil action.  Mot. at 4.  In People of the State of California vs. Nnamdi Travis Mbachu, 25-NM-007392-A, Plaintiff is being prosecuted for a misdemeanor arising from resisting and obstructing Officer Natasha Coral, one of the defendant officers in this case.  Misdemeanor Complaint (dkt. 10-1, Ex. A.).[2]  Defendants assert that the Keating factors warrant a stay of this civil action while the parallel criminal

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for resolution without oral argument.  The Court presumes familiarity with the factual background and applicable law.
[2] The Court takes judicial notice of the criminal complaint (Ex. A) and court docket (Ex. B) in Defendants' request for judicial notice (dkt. 10-1).  Courts may take judicial notice of filings in state courts.  See Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

United States District Court
Northern District of California

proceedings are ongoing.  Mot. at 4 (citing Keating v. Off. of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995)).  The Court agrees.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  Keating, 45 F.3d at 324.  Courts, however, have "discretion to stay civil proceedings when the interests of justice seem to require such action."  Id. (internal quotation omitted).  "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case."  Id. (internal quotation omitted).  This requires that the Court "consider the extent to which the defendant's fifth amendment rights are implicated," as well as the following additional factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 325.

For starters, the Court is concerned that parallel proceedings will implicate Plaintiff's Fifth Amendment rights.  Where, as here, "the parallel proceedings involve the same event or occurrence, there is likely to be substantial overlap in the evidence."  Cho v. City of San Jose, 636 F. Supp. 3d 1034, 1038 (N.D. Cal. 2022).  Accordingly, Plaintiff would be forced to defend a criminal case while also providing evidence in a related civil action.  In opposing the motion to stay, Plaintiff does not address this issue.  See Opp'n (dkt. 24).

The other Keating factors also favor a stay.  As Plaintiff notes, he has an interest in litigating without delay.  Id. at 1.  But concerns about stale evidence or memory are tempered by the substantially similar discovery that would take place in his criminal case.  See Mot. at 4.  Accordingly, this factor weighs only slightly against a stay.  Additionally, there are no non-parties with an interest in the civil case, and the public interests are

2

United States District Court
Northern District of California

neutral, given that both criminal and civil actions are important.

As Defendants point out, it is the Keating factors that relate to judicial economy for the parties and the Court that weigh heavily in favor of a stay. See id. at 4–5. The criminal action may resolve many of the issues in this case—such as false imprisonment, malicious prosecution, or negligence. See Compl. ¶¶ 5–11. Indeed, Plaintiff's defense counsel is actively exploring the pertinence of the Racial Justice Act (Penal Code § 754(d)), which is one of the claims in this case. See State Docket (dkt. 10-1, Ex. B); Compl. ¶ 11. Both the parties and the Court could save time and resources based on the outcome of the criminal case. Moreover, the Court is not permitted to evaluate certain claims until the outcome of a state criminal action is decided, if those claims relate to the state action itself. See Thompson v. Clark, 596 U.S. 36, 39 (2022) ("To maintain [a malicious prosecution claim] under § 1983, a plaintiff . . . must demonstrate, among other things, that he obtained a favorable termination of the underlying criminal prosecution (emphasis in original)). There are also comity concerns with a federal court deciding the same issues in a civil action for damages that a state court is evaluating in a criminal one, particularly when one of the claims is about the state prosecution. See Gilbertson v. Albright, 381 F.3d 965, 982 (9th Cir. 2004) (Younger abstention principles apply in a Section 1983 action that "brings a constitutional challenge to a state proceeding when that proceeding is ongoing.").[3]

/ / /

---

[3] Plaintiff argues that some of his civil claims, such as for unlawful detention and arrest, can be adjudicated without interfering with the criminal action. Opp'n at 2. But he does not explain how that could be true, especially given that those subjects are the basis of the criminal prosecution.

For the foregoing reasons, the Court **GRANTS** Defendants' motion for a stay pending the resolution of the state criminal action.  The Court defines "resolution" as 31 days after judgment is entered if Plaintiff does not appeal or after the case is resolved by dismissal.

**IT IS SO ORDERED.**

Dated: May 15, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

4